IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NORTH DAKOTA
SOUTHEASTERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Plaintiff, ) | |
| ) | Case No. 3:04-cr-161-01 |
| -vs- ) | |
| ) | |
| KRISTOPHER KAI HAMBERG, ) | |
| ) | |
| Defendant. ) | |

### Order

The Defendant Kristopher Kai Hamberg moves this Court for an order staying the one-year statute of limitations under 28 U.S.C. § 2255 to allow time for his pending appeal (doc. #125). Hamberg appealed this Court's prior order of January 9, 2007 (doc. #116).

In April 2007, Hamberg made a similar motion to toll or extend the one-year statute of limitations (doc. #122). This Court denied the motion, holding it was without jurisdiction to consider it and suggesting to Hamberg that he should file the motion with the Eighth Circuit (doc. #123). Hamberg filed the motion with the Eighth Circuit. The Circuit denied it, holding it was without jurisdiction. United States v. Hamberg, No. 07-1527, Judge Order at 1 (June 7, 2007).

Generally, the filing of a notice of appeal is a jurisdictional event, divesting the district court of jurisdiction in the case. See United States v. Curry, 328 F.3d 970, 972 (8th Cir. 2003) (holding that a frivolous double jeopardy challenge does not divest the district court of jurisdiction, while a "colorable" challenge does). The Eighth

1

Circuit has warned that the extent of its jurisdiction is for the Circuit to decide, so district courts should wait until they have received a clear decision regarding jurisdiction from the Circuit.  See <u>State ex rel. Nixon v. Coeur D'Alene Tribe</u>, 164 F.3d 1102, 1106 (8th Cir. 1999) ("appellate jurisdiction is primarily an issue for the appellate court").

Because the Eighth Circuit has held that it does not have jurisdiction to consider staying the § 2255 statute of limitations, this Court may exercise jurisdiction over the issue. Hamberg's rights would be prejudiced if the Court refused to stay the one-year statute of limitations without taking his appeal into account.  If Hamberg disagrees with a decision from this Court, he may bring the issue to the Court of Appeals, and then it is for that court to decide whether it will address the issue. That is his right.  He should not be punished for exercising his rights.  Therefore, Hamberg's motion is **GRANTED**.  The one-year statute of limitations under 28 U.S.C. § 2255 is **STAYED** during Hamberg's appeal.  The Court holds the stay is effective from February 15, 2007, when a notice of appeal was entered in this case, until the Eighth Circuit resolves Hamberg's appeal.  Please note this stay does not start the one-year clock anew.  The one-year limitation starts again, from where it stopped, the day after the Eighth Circuit makes its decision.

**IT IS SO ORDERED**, this 24th day of July, 2007.

*/s/ Rodney S. Webb*
RODNEY S. WEBB, District Judge
United States District Court